[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 1, 1997
The defendant in the above-entitled case has moved to suppress any evidence gathered as the result of a motor vehicle stop by the City of Groton Police Department.
The defendant claims that this stop was without reasonable, articulable suspicion and therefore violated various provisions of the United States and the State of Connecticut Constitutions.
The facts as testified to by Officer Keith Turgeon and Sergeant Thomas Forbes of the City of Groton Police Department are that a roadside sobriety checkpoint had been established on December 28, 1996, on Poquonnock Road in Groton and that at approximately 8:35 p. m. the defendant approached the checkpoint, CT Page 7215 made a U-turn and proceeded in the opposite direction. Sergeant Forbes instructed Officer Turgeon to pursue the vehicle and conduct an investigation. The officer did so and his observations led to the arrest of the defendant. It is this encounter that the defendant claims violated her constitutional rights.
At the hearing on the Motion to Suppress, Officer Turgeon testified that he had sixteen years of experience with the City of Groton Police Department. He testified to his formal training and his on-the-job experience which included 150 to 200 DWI investigations.
He stated that on December 28, 1996, eight to ten other officers were assigned to this checkpoint and they had been briefed by a supervisor prior to setting up the roadblock on the standards and procedures that the officers would be using. He stated that he had previously participated in approximately 60 of these checkpoints and that all cars would be stopped including those that tried to avoid the roadblock.
Officer Turgeon stated that at 8:30 p. m., he observed a vehicle make a slow, continuous U-turn as the car approached within forty yards of the beginning of the checkpoint. He was instructed by Sergeant Forbes to pursue the vehicle, which he did. The vehicle proceeded a short distance and then pulled into a parking lot where the vehicle stopped, and as the officer parked and approached the car, its operator started to get out. The officer testified that he immediately smelled alcohol on the operator and made other observations that led him to believe that the defendant was under the influence of alcohol.
Subsequent tests confirmed this opinion and the driver was arrested for DWI. The officer also stated that he did not direct the defendant into the parking lot where she stopped, and that based on his experience in these matters if she had not been intoxicated, the stop would have lasted less than one minute.
Sergeant Forbes of the City of Groton Police Department also testified and indicated that he had conducted the briefing prior to the roadblock being set up and had reviewed all the procedures to be followed including the fact that all cars would be stopped without exception. He testified that the local media had been notified of the checkpoint and that he had issued a press release. CT Page 7216
Sergeant Forbes testified that he had supervised approximately 70 of these roadblocks in the past five or six years and that he had also observed the vehicle in question approach to what he estimated to be within 75 feet of the roadblock and then make a U-turn. He testified that in accordance with previously established procedures, he instructed Officer Turgeon to pursue the vehicle and stop it.
Sergeant Forbes stated that over the years, in his opinion, more than 90 percent of the individuals who tried to avoid the roadblocks in this manner were either intoxicated, driving an unregistered vehicle or driving while their right to operate was under supervision.
It has been established that in Connecticut, a roadside checkpoint, established for the purpose of detecting violations of Connecticut General Statutes § 14-227a(a) does not violate our state constitution. State v. Boisvert, 40 Conn. App. 420
(1996). The court in Boisvert concluded that the issue is one of reasonableness and the answer to whether or not a stop is reasonable involves balancing the intrusion on the individual's interests against its promotion of legitimate state government interests, the intrusion must be the minimum search necessary under the circumstances. State v. Lamme, 19 Conn. App. 594, 599. Having applied that test, the court in Boisvert concluded that sobriety checkpoints are a valid exercise of police power . . . and that no requirement of a reasonable, articulable suspicion must exist for the initial stop.
This Court, after a review of the testimony concludes that this roadblock was conducted in accordance with approved procedures and those procedures allow the stopping of all vehicles that approach the checkpoint, not just those that agree to proceed through it. These stops are not voluntary or in any way based on the consent of the driver. Reason, logic and common sense dictate that if this power is to be given to the police it should not be frustrated by a requirement that the officers can stop only those operators who agree to be checked.
The reasonableness and wisdom of allowing the officers to stop vehicles who attempt to avoid checkpoints is established by the testimony of Sergeant Forbes concerning the percentage of individuals who, when stopped, are found to be in violation.
In conclusion, this Court finds that even though reasonable, CT Page 7217 articulable suspicion was not a requirement for this type of stop that it did exist and the facts would have supported that assumption on the part of the officer if that amount of evidence was necessary for the officer to act.
The stop was legal and the Motion to Suppress is denied.
O'KEEFE, J.